By the Court.
In 1916, The American Express Company, in connection with The National Express Company, The Adams Express Company, and Wells-Fargo & Company Express, in and. by their certain tariff publications filed with the Public Utilities Commission of Ohio, to become effective July 1, 1916, sought the cancellation of the then existing rates on the shipment of ice cream in the state of Ohio and returned empty containers in intrastate traffic in the state of Ohio, and the establishment of the interstate schedule of rates on these commodities. On June 14, 1916, plaintiff in error, a voluntary association of persons and firms engaged in the wholesale manufacture of ice cream in the state of Ohio, filed a complaint with the Utilities Commission in which it alléged that the proposed new rates of the express companies were *452 largely in excess of the existing rates, and unjust, discriminatory and unreasonable, and would impose an undue burden upon such traffic and necessarily raise the price to the consumer and lessen the production and consumption of a healthful, wholesome and nutritious food product. The prayer of the complaint was that the Commission suspend the operation of the schedules which were to become effective July 1, 1916, and postpone the use and operation of such rates and charges pending a full hearing and investigation concerning the propriety of such rates and charges.
On July 19, 1916, the matter was heard before ■ the Commission upon the original papers and the evidence, and on September 26, 1916, the Commission held that the increased rates and^ charges as proposed in the schedules in said proceeding were just and reasonable and ordered that the orders theretofore entered in said proceeding suspending the operation of the said schedules be vacated and set aside. An application for a rehearing was denied' on October 30, 1916, and plaintiff in error thereupon filed a petition in this court asking that the final order of the Commission be reversed, vacated or modified.
There have been filed in this court a'transcript of the journal entries, the original papers, and a certified transcript of all the evidence adduced in the hearing before the Commission.
We have examined the evidence, consisting of exhibits and the testimony of a number of witnesses, bearing upon the question of the fairness and reasonableness of the rates proposed by the *453 express companies. There is a conflict in the testimony of the witnesses, but we are unable to say upon a consideration of the whole record that the order made by the Commission is unlawful or unreasonable.

Order affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.